UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x   Civil Action No.:

ADVANCEME, INC.,

            Plaintiffs,   **COMPLAINT**

- against -   **JURY DEMANDED**

ALEX R. SACCHETTI,   **13 CV 2407**

            Defendant.   **JUDGE RAMOS**
------------------------------------x

    Plaintiff, ADVANCEME, INC., by their attorneys, Klapper & Fass, complaining of defendant, ALEX R. SACCHETTI, alleges as follows:

### JURISDICTION AND VENUE

    1.    This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, in that plaintiff has its principal place of business in a state which is different from the state in which defendant is a citizen. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest.

    2.    The Court also has pendent and ancillary jurisdiction to grant plaintiffs the equitable relief also requested by plaintiff.

    3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) in that the plaintiff resides in this district and a majority of the acts giving rise to plaintiff's claims arose in this district.

### THE PARTIES

    4.    Plaintiff, ADVANCEME, INC. ("AdvanceMe") is a Delaware corporation authorized to do business in New York, with its principal place of business located at 2 Overhill Rd., Scarsdale, New York 10583.

    5.    Defendant is a resident of the State of California with an address at 1050

Wilshire Blvd., Los Angeles, CA 90017; and all times relevant hereto, transacted business in the State of New York.

## FACTS COMMON TO ALL COUNTS

6. AdvanceMe is in the business of providing working capital to small and medium-sized businesses through purchases of future credit card, debit card, and other payment card (collectively, "Card") receivables.

7. Upon information and belief, at all relevant times, defendant was affiliated with and employed by a now-defunct company SDB Restaurant of Mt. Kisco, Inc. d/b/a Alfresco ("Alfresco") owned by his father Francesco Sacchetti ("Francesco").

8. Upon information and belief, defendant was in charge of the day to day operations of Alfresco.

9. On or about 1/14/2008, AdvanceMe entered into a Merchant Agreement ("Agreement") with Alfresco, pursuant to which AdvanceMe purchased $118,991.50 (the "Specified Amount") of future Card receivables ("Receivables") from Alfresco, in exchange for an immediate lump-sum cash purchase price of $85,000.00 (the "Purchase Price") from AdvanceMe. Alfresco's stated purpose for entering into the Agreement was to obtain funding for working capital.

10. On or about 1/17/2008, AdvanceMe paid Alfresco the Purchase Price. Pursuant to the terms of the Agreement, AdvanceMe thereby became the sole and absolute owner of the Specified Amount of Receivables, with all right, title and interest therein.

11. Pursuant to the terms and conditions of the Agreement, Alfresco agreed to process all of its Card transactions (i.e., transactions in which Alfresco accepts Cards from its

customers as payment for its goods or services) with a Card processor acceptable to AdvanceMe (the "Processor").

12. Alfresco also agreed to direct the Processor to remit directly to AdvanceMe the agreed upon percentage reflected in the Agreement (the "Specified Percentage") of all future Receivables, or to have AdvanceMe or its designees electronically debit amounts equivalent to the Specified Percentage of said Receivables from Alfresco's Account (defined below), until AdvanceMe received the Specified Amount of purchased Receivables.

13. Alfresco represented and warranted to AdvanceMe that Alfresco's sole bank account into which all settlement proceeds of Receivables would be deposited (the "Account") was the account identified to AdvanceMe by the account name, account number and bank name and address shown on the face of a voided check that Alfresco provided to AdvanceMe along with the Agreement, the delivery of which voided check was a condition precedent to AdvanceMe's obligations under the Agreement.

14. Alfresco also irrevocably authorized AdvanceMe, Processor, and AdvanceMe's designees, to debit or otherwise withdraw (via the Automated Clearing House system, electronic checks, wires or otherwise) from the Account and any other relevant accounts, the Specified Percentage of Receivables and any other amounts AdvanceMe is entitled to receive pursuant to the Agreement.

15. Alfresco agreed to not revoke or cancel such authorizations until such time as AdvanceMe had received the entire Specified Amount of purchased Receivables and any other amounts AdvanceMe is entitled to receive pursuant to the Agreement.

16. Pursuant to the Agreement, Alfresco agreed to abide by certain "Merchant Contractual Covenants" as defined in the Agreement, including, without limitation, the

following: (i) to exclusively use Processor for the processing of all of its Card transactions and to not take any action that has the effect of causing the processor through which any Card transactions are settled to be changed from Processor to another, or additional, processor; (ii) to not take any action to discourage the use of Cards (e.g., reject Cards as a form of payment for Alfresco's goods or services); (iii) to not open a new account other than the Account to which Card settlement proceeds will be deposited, to not take any action to cause Receivables to be settled or delivered to any account other than the Account, and to not revoke or cancel any of the authorizations to debit or otherwise withdraw from or access the Account or any other account of Alfresco described in the Agreement; and (iv) to not sell, dispose, convey or otherwise transfer its business without the express prior written consent of AdvanceMe and the assumption of all of Alfresco's obligations under the Agreement pursuant to documentation reasonably satisfactory to AdvanceMe.

17. As part of the Agreement, the owner of Alfresco or his authorized agent was required to execute a personal guarantee (the "Personal Guarantee") pursuant to which the owner personally guaranteed, among other things, Alfresco's performance of the Merchant Contractual Covenants.

18. Throughout the negotiations, which were primarily conducted through telephone and facsimile communications, AdvanceMe believed it was dealing with Francesco, the actual owner of Alfresco.

19. Upon information and belief, AdvanceMe had at all times actually been negotiating with defendant who was in charge of the day to day operations and needed additional capital to bolster Alfresco's financials.

20. Upon information and belief, defendant was not authorized by Francesco to speak on or sign on his behalf in an individual capacity.

21. Upon information and belief, the signature on the Personal Guarantee, purporting to be Francesco's, which was needed to complete the transaction and cause AdvanceMe to transfer a significant amount of cash to Alfresco, was forged by defendant.

22. At no time prior to transferring the funds, was AdvanceMe aware that it was dealing with anyone other than Francesco. Had it known that it was not dealing with Francesco, AdvanceMe would not have advanced the funds to Alfresco.

23. Based on the forged signature, AdvanceMe transferred $85,000.00 to Alfresco.

24. Upon information and belief, on or about 7/30/2010, Alfresco breached one or more of the Merchant Contractual Covenants as described above.

25. Upon information and belief, Alfresco continued to operate its business and generate Receivables that are subject to the Agreement. However, Alfresco while it was still open and operating refused to remit the Specified Percentage of those Receivables to AdvanceMe despite AdvanceMe's demand therefor.

26. Alfresco received all of those Receivables in violation of AdvanceMe's right to receive the Specified Percentage of Receivables, as such Receivables are realized, and its ownership of the Specified Amount of Receivables.

27. AdvanceMe has duly demanded that Alfresco cure its breach of the Agreement and turn over to AdvanceMe the Specified Percentage of Receivables AdvanceMe should have received, but Alfresco has refused.

28. By reason of the foregoing, AdvanceMe has been damaged in the amount of $104,305.40, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

29. Pursuant to the Agreement, defendant is liable for reasonable costs associated with a breach of the Agreement, including but not limited to court costs and attorney's fees. By this Complaint, plaintiff gives ALEX R. SACCHETTI written notice that plaintiff intends to enforce the provisions of the Agreement that require the payment of all costs of enforcement, including reasonable attorneys' fees and statutory interest.

30. The Agreement provides that New York law governs the Agreement and any enforcement thereof.

## COUNT ONE

### (BREACH OF PERSONAL GUARANTEE)

31. By reason of the foregoing, has breached one or more of the Merchant Contractual Covenants under the Agreement, causing AdvanceMe to suffer damages.

32. Defendant provided AdvanceMe with the Personal Guarantee, pursuant to which he personally guaranteed, among other things, that Alfresco would perform the Merchant Contractual Covenants.

33. Alfresco breached one or more of the Merchant Contractual Covenants in the Agreement with Plaintiff, triggering the Personal Guarantee.

34. Plaintiff has demanded that defendant cure Alfresco's breach of the Agreement, but Owner has refused. As a result, defendant has breached the Personal Guarantee, causing damages to Plaintiff in the amount of **$104,305.40**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

## COUNT TWO

### (CONVERSION)

35. In contravention of Plaintiff's ownership rights in the Specified Percentage and the Specified Amount of Receivables generated by Alfresco, defendant intentionally and knowingly retained and refused to remit to Plaintiff the Specified Percentage of Receivables arising after 7/30/2010.

36. Defendant claimed legal ownership or an immediate superior right of possession to, and have exercised dominion over, the Specified Percentage and the Specified Amount of Receivables purchased by Plaintiff. Such dominion over the purchased Receivables was and continues to be intentional and with willful and knowing disregard of Plaintiff's ownership rights therein.

37. Plaintiff has demanded that defendant remit the purchased Receivables to Plaintiff, but Defendants refused.

38. By reason of the foregoing, Defendants converted the Receivables purchased by Plaintiff and are liable to Plaintiff for damages caused by such conversion in an amount equal to $70,313.90, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

## COUNT THREE

### (BREACH OF IMPLIED CONTRACT)

39. Based on defendant's conduct and misrepresentations, AdvanceMe reasonably believed that it had entered into a valid contract with the individual it had been negotiating with.

40. Based on the written agreement and forged signature, AdvanceMe had inferred a valid contract between it and the defendant, whom they believed was named Francesco.

41. AdvanceMe relied on that reasonable inferrance and fully performed all of its obligations under the agreement. For some time thereafter, both Alfresco and the defendant performed under the implied contract, prior to Afresco's and defendant's breach.

42. By reason of the foregoing, plaintiff is entitled to its expectation damages under the implied contract in fact in the amount of **$104,305.40**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

## COUNT FOUR

(PROMISSORY ESTOPPEL)

43. Defendant promised to personally guarantee the Merchant Contractual Covenants in the Agreement between Alfresco and AdvanceMe.

44. AdvanceMe reasonably relied on that promise and defendant's other misrepresentations in transferring $85,000.00 for defendant's benefit.

45. Based on the signature present on the Personal Guarantee and defendant's misrepresentation, such reliance was reasonable and foreseeable.

46. Plaintiff has suffered reliance damages in the amount of **$70,313.90** plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

## COUNT FIVE

### (FRAUD)

47. By forging Franceso's signature, defendant made a material misrepresentation to AdvanceMe.

48. Defendant must have known that he was not his father or that he was not the owner of Alfresco.

49. Defendant purposefully misrepresented himself as Francesco and the owner of Alfresco in order to cause AdvanceMe to transfer a significant sum of money to Alfresco and to defendant.

50. Plaintiff did in fact transfer said funds and as such has suffered reliance damages in the amount of **$70,313.90** plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

## COUNT SIX

### (PUNITIVE DAMAGES)

51. Based on defendant's reprehensible misconduct and criminal activity, plaintiff suffered significant economic injury.

52. Accordingly, it is respectfully requested that plaintiff be awarded punitive damages in the amount of **$300,000.00**.

**WHEREFORE**, plaintiff demands judgment as follows:

1. On Count One, against defendant, in the sum of **$104,305.40**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

2. On Count Two, against defendant, in the sum of **$70,313.90**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

3. On Count Three, against defendants in the sum of **$104,305.40**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

4. On Count Four, against defendant, in the sum of **$70,313.90**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

5. On Count Five, against defendant, in the sum of **$70,313.90**, plus pre-judgment interest at the statutory rate of 9% per annum from 1/17/2008.

6. On Count Six, against defendant, an award of punitive damages in the amount of $300,000.00

4. Plaintiff's reasonable attorneys' fees, as provided by the terms and conditions of the Agreement.

5. Plaintiff's costs and expenses and such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues in this action.

Dated:   White Plains, New York
         April 10, 2013

                                    KLAPPER & FASS
                                    Attorneys for Plaintiffs

                                    By: _____
                                        Marcos Fernandez (MF 1212)
                                        170 Hamilton Avenue, Suite 318
                                        White Plains, New York 10601
                                        (914) 287-6466

-10-